Civil Action No. 4:18-cv-2505

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MICHAEL ANDREW McCANN,** | § | **Bankr. Case No. 18-33152** |
| **Debtor.** | § | |
| **MICHAEL ANDREW McCANN,** | § | |
| **Appellant,** | § | |
| | § | |
| **vs.** | § | **Adv. Pro. No. 18-3168** |
| | § | |
| **SPENCER PLANTATION** | § | |
| **INVESTMENTS, LTD.,** | § | |
| **Appellees.** | § | |

**Appeal of Order Dismissing Adversary Proceeding**
**In the United States Bankruptcy Court, Southern District of Texas, Houston**
**Division, Judge Jeff Bohm Presiding**

### APPELLEE'S BRIEF

WAUSON ♦ PROBUS
Matthew B. Probus
TBA# 16341200
mbprobus@w-plaw.com
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR APPELLEE,*
*SPENCER PLANTATION INVESTMENTS, LTD.*

## **Corporate Disclosure Statement**

The Appellee Spencer Plantation Investments, Ltd. has no parent company and no public corporation owns 10% or more of its stock.  It is a privately held, Texas limited partnership.

## **Table of Contents**

| | Page |
|---|---|
| Corporate Disclosure Statement | i |
| Table of Contents | ii |
| Table of Authorities | iii - iv |
| Jurisdictional Statement | v |
| Statement of Issues and Standard of Review | vi |
| Statement of the Case | 1 |
| Summary of Argument | 5 |
| Argument | 5 |
| Conclusion | 8 |
| Certificate of Compliance | 9 |
| Certificate of Service | 10 |

## Table of Authorities

**Cases**                                                                                               **Page**

*AT&T Universal Card Services v. Mercer*,                                                                6
     246 F.3d 391 (5th Cir. 2001).

*Am. Nat'l Bank of Austin v. MortgageAmerica Corp.*                                                      6
        *(In re MortgageAmerica Corp.)*,
     714 F.2d 1266 (5th Cir. 1983).

*FW/PBS, Inc. v. City of Dallas*,                                                                        5, 6
     493 U.S. 215, 110 S. Ct. 596 (1990).

*Highland Capital Management, LP v. Chesapeake Energy Corp.*                                             6, 7
        *(In re Seven Seas Petroleum, Inc.)*,
     522 F.3d 575 (5th Cir. 2008).

*In re E.F. Hutton Sw. Props. II, Ltd.*,                                                                 7
     103 B.R. 808 (Bankr. N.D. Tex. 1989).

*Schertz-Cibolo-Universal City, Indep. School District v. Wright*                                        6, 7
        *(In re Educators Group Health Trust)*,
     25 F.3d 1281 (5th Cir. 1994).

*S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.*                                                 6, 7
        *(In re S.I. Acquisition),* 817 F.2d 1142 (5th Cir. 1987).


**Statutes and Rules**

11 U.S.C. § 541(a)                                                                                       6

28 U.S.C. § 157(b).                                                                                      v

28 U.S.C. § 158(a).                                                                                      v

28 U.S.C. § 1334(a).                                                                                     v

Fed. R. Bankr. P. 7012                                                                    5

Fed. R. Civ. P. 12(b)(1)                                                               5, 8

## **Jurisdictional Statement**

The Bankruptcy Court had jurisdiction over the adversary proceeding below under 28 U.S.C. § 1334(a).  The Appellee contended initially in its motion to dismiss that the Bankruptcy Court did not have authority to enter a final judgment in the matter, because it was not a core proceeding under 28 U.S.C. § 157(b). Nevertheless, at the conclusion of the hearing, the Appellee consented to the Bankruptcy Court's entry of a final order and submitted the proposed form of order for the Bankruptcy Court to sign.

The District Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), as this is an appeal of a final dispositive order of the Bankruptcy Court.

## <u>Statement of Issues and Standard of Review</u>

The sole issue on appeal is whether the Appellant had standing to bring the claims in the adversary proceeding below.   The District Court reviews the Bankruptcy Court's legal conclusions de novo, but must accept the Bankruptcy Court's factual findings unless they are clearly erroneous, giving due regard to the Bankruptcy Court's opportunity to judge the credibility of the witnesses. *AT&T Universal Card Services v. Mercer*, 246 F.3d 391, 402 (5th Cir. 2001).

## Statement of the Case

### A. Procedural History.

On June 6, 2018, the Debtor Michael Andrew McCann (the "Appellant") filed his voluntary petition under Chapter 7 of the Bankruptcy Code. (C.R. - 401).[1]

On June 20, 2018, the Appellant filed an adversary proceeding against Spencer Plantation Investments, Ltd. (the "Appellee"). (C.R. - 7). The adversary proceeding was styled *Michael Andrew McCann v. Spencer Plantation Investments, Ltd.*, Adv. Pro. No. 18-3168, In the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Adversary"). (C.R. - 7). On July 2, 2018, the Appellee filed its Emergency Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and (6) (the "Motion") in the Adversary. (C.R. - 47). On July 6, 2018, the Bankruptcy Court entered its order dismissing the Adversary on the grounds that the Appellant did not have standing to bring the claims. (C.R. - 134).

On July 17, 2018, the Appellant filed his notice of appeal of the Bankruptcy Court's order dismissing the Adversary. (C.R. - 136), and the appeal was assigned to this Court.

---

[1] The Clerk's Record is on file in this case at Doc. No. 2 and 2-1. The record is referred to in this brief as "(C.R. – [page number])."

### B. **Factual Background.**

The Appellant does not believe he is subject to income taxes imposed by the Internal Revenue Code and enforced by the Department of Treasury, Internal Revenue Service (the "IRS").  (C.R. – 175). Appellant owed substantial sums of federal income taxes for the tax years 1996 – 2009, 2011 and 2012.  (C.R. – 280). In 2012, the IRS began enforcement procedures to collect the back taxes, more specifically attempting to seize and sell approximately 75 acres of real property located in Brazoria County, Texas (the "Property").  (C.R. – 281).  In 2012, an IRS agent personally delivered to Appellant a notice of seizure with respect to the Property.  (C.R. – 281). The IRS' initial public sale of the Property was set to occur on February 5, 2013, but the Appellant filed a series of bankruptcy cases to delay the sale of the Property.  (C.R. - 500).  Upon dismissal of Appellant's bankruptcy case in 2014 with a confirmation that the automatic stay was not in effect, the IRS rescheduled and renoticed the tax sale for March 10, 2014. (C.R. - 281).  The Appellee purchased the Property from the IRS at the sale for $189,000. (C.R. – 280, 320).

On December 22, 2014, the Appellant filed a pro se petition in state district court, the 23rd Judicial District, Brazoria County, Texas (Cause No. 79855-CV) seeking to quiet title to the Property (the "Quiet Title Suit"). (C.R. – 148). The Appellant named both the IRS and the Appellee as defendants in the Quiet Title

2

Suit. (C.R. - 151). On January 20, 2015, the IRS removed the Quiet Title Suit to the District Court under C.A. 15-cv-162 (the "Removed Quiet Title Suit"). (C.R. – 281). The IRS filed a motion in the Removed Quiet Title Suit to dismiss the claims against it. (C.R. - 282). On July 23, 2015, the District Court entered an order dismissing the Appellant's claims against the IRS and remanding the case against the Appellee back to the Brazoria County District Court. (C.R. - 280).

The Appellant filed a motion for summary judgment in the Brazoria County District Court after remand, and on January 25, 2016, the state district judge entered a summary judgment against the Appellant and in favor of the Appellee dismissing Appellant's claims and ordering that the Appellant's lis pendens be removed from the real property records.  (C.R. - 289).

The Appellant appealed the final summary judgment to the Houston Court of Appeals, First District. (C.R. - 148). On February 28, 2017, the First Court of Appeals affirmed the trial court. (C.R. – 148). In its opinion, the Court of Appeals held "We conclude that Spencer met its burden to disprove an essential element of McCann's suit to quiet title by establishing that its claim to the property is valid." (C.R. – 153). The Appellant moved for rehearing, which the Court of Appeals denied.  The Appellant filed a petition for review with the Texas Supreme Court, which the Supreme Court denied. (C.R. – 293). On December 15, 2017, the Texas

Supreme Court denied the Appellant's motion for rehearing, exhausting all appeals of the Quiet Title Suit. (C.R. – 293).

After obtaining the Quitclaim Deed to the Property from the IRS, the Appellee filed a forcible entry and detainer lawsuit in the Justice of the Peace Court in Brazoria County, Texas to gain possession of the Property from the Appellant. (C.R. – 296). The Justice of Peace Court entered a judgment of possession in favor of the Appellee. The Appellant appealed pro se to the County Court at Law No. 1 of Brazoria County, Texas on the grounds that he was the "rightful owner" of the Property.  The County Court at Law ruled in favor of the Appellee, but held entry of judgment in abeyance until all appeals of the Quiet Title Suit were exhausted.  (C.R. p. 296-97).  After the Quiet Title Suit's appeals were final, the Appellee moved for entry of final judgment in the Eviction Suit. The Appellant, acting pro se, removed the Eviction Suit to the United States District Court for the Southern District of Texas, Galveston Division in C.A. No. 18-cv-0033. (C.R. – 297). On April 24, 2018, the District Court entered an order remanding the Eviction Suit back to the Brazoria County, County Court at Law No. 1.  (C.R. – 296-300).  On June 11, 2018, the County Court entered an amended final judgment granting possession to the Appellee.  (C.R. - 302).

In the Appellant's adversary complaint, the Appellant raised the same claims that he had already raised and had rejected in the Quiet Title Suit in which final judgment was entered in favor or Appellee against Appellant. (C.R. – 7 and 148).

## Summary of Argument

The Appellant did not have standing to bring the claims and causes of action in the adversary proceeding below.   Under 11 U.S.C. § 541(a), all of the Appellant's potential legal claims against others became property of the Chapter 7 bankruptcy estate upon filing of the Chapter 7 petition.  Only the Chapter 7 Trustee had standing to bring claims against the Appellee.   Standing is necessary to jurisdiction, and without standing, the Bankruptcy Court had no jurisdiction over the adversary proceeding.   The Bankruptcy Court correctly applied the law in dismissing the Appellant's claims.  This Court should affirm the Bankruptcy Court.

## Argument

This Court should affirm the Bankruptcy Court's final order dismissing the Appellant's claims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), as applied by Fed. R. Bankr. P. 7012, because the Appellant had no standing to bring these claims.

"The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'"   *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S. Ct. 596

(1990) (citation omitted). Standing cannot be inferred from statements made in the pleadings, but must affirmatively appear in the record. *Id.* The party seeking to invoke jurisdiction bears the burden of clearly alleging facts demonstrating that he is the proper party to invoke a judicial resolution of the dispute. *Id.*

Only the Chapter 7 Trustee has standing to assert claims that are property of the estate under 11 U.S.C. § 541(a). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The phrase "all legal or equitable interests of the debtor in property" must be construed broadly, and includes "rights of action" such as claims based on state or federal law. *Highland Capital Management, LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 584 (5th Cir. 2008)(citing *Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.),* 714 F.2d 1266, 1274 (5th Cir. 1983) and *Schertz-Cibolo-Universal City, Indep. School District v. Wright (In re Educators Group Health Trust),*25 F.3d 1281, 1283 (5th Cir. 1994)). If a claim belongs to the estate, then the bankruptcy trustee has exclusive standing to assert it. *In re Educators Group Health Trust,* 25 F.3d at 1284. Whether a particular state-law claim belongs to the bankruptcy estate depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case. *In re Educators Group Health Trust,* 25 F.3d at 1284 (citing *S.I. Acquisition, Inc. v. Eastway*

6

*Delivery Serv., Inc. (In re S.I. Acquisition),* 817 F.2d 1142 (5th Cir. 1987); *In re MortgageAmerica,* 714 F.2d at 1275-77). To make this determination, the court must "look to the nature of the injury for which relief is sought and consider the relationship between the debtor and the injury." *Highland Capital Management, LP*, 522 F.3d at 584 (Citing *In re E.F. Hutton Sw. Props. II, Ltd.,* 103 B.R. 808, 812 (Bankr. N.D. Tex. 1989) ("The injury characterization analysis should be considered as an inseparable component of whether an action belongs to the [estate] or [creditor]."). "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *In re Educators Group Health Trust,* 25 F.3d at 1284 (citations omitted). "Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate." *Id.*

In this case, the Appellant's claims were in the nature of asserting his ownership of the Property.  The Appellant asserted that the IRS' tax sale and the resulting Quitclaim Deed were void and title should be vested in him.  The Appellant's claims were ones that not only could have been asserted prior to the bankruptcy, but had been asserted prior to the bankruptcy on multiple occasions in

multiple procedural contexts.  As such, the claims and causes of action asserted by the Appellant in the adversary proceeding were property of the estate subject to the Chapter 7 Trustee's sole control.  The Appellant had no standing to assert the claims.  Therefore, the Bankruptcy Court had no jurisdiction, and it was correct in entering the order of dismissal of the claims. Without standing, there is no jurisdiction.  This Court should affirm the Bankruptcy Court's final order dismissing the adversary proceeding under Fed. R. Civ. P. 12(b)(1).

## Conclusion

The Appellant had no standing to bring the claims against Appellee in the adversary proceeding, because those claims were property of the bankruptcy estate owned by the Chapter 7 Trustee.  Without standing, the Court lacked jurisdiction over the adversary.  The Bankruptcy Court did not err in entering an order dismissing the claims.  This Court should affirm the judgment of the Bankruptcy Court.

WHEREFORE, PREMISES CONSIDERED, the Appellee, Spencer Plantation Investments, Ltd., respectfully requests that this Court affirm the judgment of the Bankruptcy Court and render judgment in favor of the Appellee.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: ___*/s/ Matthew B. Probus* _____
        **Matthew B. Probus**
        State Bar No. 16341200

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
mbprobus@w-plaw.com

*ATTORNEYS FOR APPELLEE,*
*SPENCER PLANTATION*
*INVESTMENTS, LTD.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the principal brief of Appellant contains a total of 2,225 words, exclusive of the Table of Contents and Table of Authorities, in compliance with Fed. R. Bankr. Pro. 8015(a)(7)(B).

By: ___/s/ Matthew B. Probus_____

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the Appellee's Brief has been served upon the Appellant, Michael Andrew McCann via United States regular mail, first class, postage prepaid, and by United States certified mail, return receipt requested, at the address listed below on this 2nd day of October, 2018.

Michael Andrew McCann
P.O. Box 66
Brazoria, Texas 77422

By: ___/s/ Matthew B. Probus_____