UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ANDREW MCCANN, Appellant, | § § § § § | CIVIL ACTION NO. 4:18-cv-02505 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| SPENCER PLANTATION INVESTMENTS LTD, Appellee. | § § § § | |

**OPINION AFFIRMING DISMISSAL FOR LACK OF STANDING**

Appellant Michael Andrew McCann brings a *pro se* appeal from an order dismissing for lack of standing an adversary proceeding in the bankruptcy court for the Southern District of Texas. The order is affirmed.

1. Background

The history of this case is complex and relates to a string of lawsuits filed after the IRS attempted to collect on substantial back taxes owed by McCann. Dkt 5 at 9. This particular appeal traces to a foreclosure sale in March 2014 of seventy-five acres of real property located in Brazoria County, Texas. Defendant Spencer Plantation Investments Ltd purchased that acreage at auction. Dkt 2 at 281.

McCann then brought a state court suit in December 2014 to quiet title against Spencer Plantation and the IRS. Ibid. Spencer Plantation prevailed on summary judgment and a subsequent appeal to the Houston Court of Appeals, First District. Id at 155, 289–90. The Texas Supreme Court denied

McCann's petition for rehearing, exhausting all appeals in December 2017. Id at 293.

The only relevant portion of the subsequent procedural history is McCann's Chapter 7 bankruptcy filing in the Southern District of Texas in June 2018. Dkt 2-1 at 8. He filed this adversary proceeding two weeks later against Spencer Plantation. Dkt 2 at 1, 7.

The bankruptcy court dismissed his adversary proceeding for lack of standing. Dkt 2 at 134–135. McCann appeals to reverse that decision. See Dkt 4.

### 2. Legal standard

Federal district courts have jurisdiction to hear appeals from final judgments or orders of the bankruptcy courts. 28 USC § 158(a)(1). The court reviews findings of fact for clear error but reviews *de novo* conclusions of law and mixed questions of fact and law. *In re Seven Seas Petroleum Inc*, 522 F3d 575, 583 (5th Cir 2008); see also Fed R Bankr P 8013.

A plaintiff's standing to bring a lawsuit—whether in bankruptcy or not—evokes a familiar analysis. The plaintiff must have suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant, with the injury likely to be redressed by a favorable judicial decision. *Spokeo Inc v Robins*, 136 S Ct 1540, 1547 (2016). But the creation of the bankruptcy estate somewhat complicates these basic elements.

The bankruptcy estate is a distinct entity, legally separate from the debtor. It contains "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 USC § 541(a)(1). The Fifth Circuit construes this phrase broadly and "includes 'rights of action' such as claims based on state or federal law." *In re Seven Seas Petroleum*, 522 F3d at 584. And "[i]f a claim belongs to the estate, then the bankruptcy trustee has exclusive standing to assert it." Ibid.

### 3. Analysis

The bankruptcy court found that McCann's cause of action was an asset of the bankruptcy estate. Dkt 2 at 387. As an asset

of the estate, the court further found that only the trustee—and not McCann—had standing to assert the claim. Id at 387–388.

McCann doesn't argue that his cause of action was not itself a prepetition asset. He also doesn't argue that the cause of action should be excluded from the bankruptcy estate. And if the cause of action belonged to the estate, the law is clear that McCann has no standing to assert the claim on his own behalf. For example, see *In re Seven Seas Petroleum*, 522 F3d at 584.

McCann solely argues that a cause of action *exists*, without addressing whether it is *his to assert*. He argues that he has standing because he was "stripped of his land in violation of IRS procedures and in lack of due process." Dkt 4 at ¶ 10. He describes an extensive history of litigation over this land, including his lawsuit to quiet title in 2014. Id at ¶¶ 5, 18, 22, 26, 28, 43. And he specifically states that "before filing bankruptcy, on May 16, 2018, McCann filed a petition into the 239th Judicial District with new facts and new evidence not shown in the previous quiet title action complained of in the hearing." Id at ¶ 43.

All of that litigation took place before the bankruptcy filing in June 2018—and "before a writ of possession issued." Id at ¶ 30. Whether or not his claim was valid, the history clearly supports the finding by the bankruptcy court that it existed prior to the bankruptcy filing. As such, the bankruptcy court did not clearly err in finding that McCann's cause of action against Spencer Plantation was an asset of the bankruptcy estate. The follow-on conclusion of law that he lacked standing to assert that claim is thus correct.

4. Conclusion

The order of dismissal by the bankruptcy court is AFFIRMED.

SO ORDERED.

Signed on March 19, 2020, at Houston, Texas.

*[signature: Chas R Eskridge III]*

Hon. Charles Eskridge
United States District Judge